## J. B. KNAPP vs. PULTS.

## M. E. KNAPP vs. The Same.

*A declaration in ejectment,* held, not to be *process* within the term "process," as used in the 57th section of the Judiciary Act; which declares "every court of record shall always be open for the issuing and return of process."
. It cannot be filed in vacation, by virtue of the above section.
*It seems* that the notice subjoined to a declaration in ejectment, should specify some day in the next *general term* of the court, to be held in the county in which the declaration is to be filed; or perhaps the requirements of the statute would be satisfied (under the present judiciary system,) to name a day in the next *special term* to be held in the county.

On the 28th day of July, 1847, a copy declaration in each of the causes was served on the Defendant, with a notice that the declaration

would be filed in the Rensselaer clerk's office on the next day, and the usual rule to plead in twenty days would be entered.   On the day mentioned in the notice, the declaration, notice, and proof of service was filed, and a rule to plead entered in each cause.

The Defendant moved to set aside the declaration and all subsequent proceedings, on the ground that the day specified in the notice adjoined in the declaration, was *not a day in any term of the court.*

J. ROMEYN, *for Deft.*

C. STEVENS, *for Plff.*

HARRIS, Justice.—The action of ejectment can only be commenced by declaration.   (2 R. S. 304, § 5.)   To such declaration there must be subjoined a notice in writing, notifying the Defendant that on some day in the then present term, if the declaration be served during a term of the court, or if not, on some day in the then next term the declaration will be filed, and a rule entered, requiring the Defendant to appear and plead.

It would not be easy to assign any satisfactory reason why a declaration in ejectment, any more than any other declaration, should be filed in term only ; or why a rule to plead to such declaration might not be entered in vacation, as well as any other rule to plead.   But such is the provision of the statute; (2 R. S. 305, § 12,) a declaration in ejectment can only be filed, and the rule to plead to such declaration can only be entered in term ; and the declarations in these causes not having been filed, or the rules to plead entered during any term of the court, the proceedings are irregular, unless the requirement of the statute has been dispensed with by some provision in the act organizing the present judiciary system.   The counsel for the Plaintiffs contends that this provision is found in the 57th section of the Judiciary Act, in which it is declared that "every court of record shall always be open for the issuing and return of process."

It is true, that a declaration by which a suit is commenced has sometimes been said to be in the nature of process.   (*Roth* v. *Way*, 2 Hill, 385 ; *Borst* v. *Griffin*, 5 Wend. 84.)   It is so because it is made by statute, the substitute for process in bringing the Defendant into court.   In no other sense can a declaration be regarded as even in the nature of process, as its name imports; process is something issuing out of, and returnable to the court ; it is generally, if not always, synonymous with *writs ;* it is to be issued in the name of the people ; it is tested ; it bears the seal of the court ; it is made returnable to the court at a specified time.   The language of the section of the Judiciary Act relied upon by the Plaintiffs, renders it quite evident that the legislature did not intend to include de-

clarations, within the term process as used in that section. It speaks of the time when, and in whose name process may be tested. It provides when, and how it shall be returnable, not only in the section referred to, but throughout the Judiciary Act; the term, process, is evidently intended to embrace the various writs issuing out of the courts, and nothing else. The Plaintiffs' practice therefore cannot be upheld by anything contained in the Judiciary Act.

It is not necessary to determine upon the decision of these motions, where the Plaintiffs should have filed their declarations, and entered their rules to plead. It is admitted that the present judiciary system is so different in many respects from that which existed when the Revised Statutes were adopted, that it is not easy in all cases to adapt their provisions to the new system. It is, however, safe to say, that the requirements of the statute in relation to the commencement of the action of ejectment, would be satisfied, by specifying in the notice to be subjoined to the declaration, some day in the next *general term* of the court to be held in the county in which the declaration is to be filed. I am inclined to think this is the only way in which the requirements of the statute can be satisfied, though I am not prepared to say that it may not be sufficient to name a day in the next *special term* to be held in the county.

The Plaintiffs' declarations, and all other proceedings in these suits, may be set aside; but as the questions are new, and not free from difficulty, the Plaintiffs ought not to be charged with the costs of the motions.